FILED
JANUARY 30, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LATASHA HANNAH, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officer | ) | |
| MIGUEL CORDERO, Star 18568, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**08 C 648**

**JUDGE ST. EVE**
**MAGISTRATE JUDGE NOLAN**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the common law of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff LATASHA HANNAH is a resident of Chicago, Illinois.

5. Defendant MIGUEL CORDERO is a duly appointed and sworn Chicago police officer. At all times relevant to this Complaint, Defendant CORDERO was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

6. Defendant CORDERO is sued in his individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On or about October 27, 2007, Plaintiff LATASHA HANNAH was sitting in her car in front of A to Z Discount & Linen at 4737 South Ashland Avenue in Chicago.

9. There were no vehicles behind LATASHA's car.

10. LATASHA was not obstructing the flow of traffic.

11. LATASHA was waiting for her daughter, Rakeesh, who was inside A to Z.

12. Defendant CORDERO was on patrol in a police car. CORDERO stopped next to LATASHA's car and ordered LATASHA to move her car.

13. LATASHA complied and moved her car.

14. Then Defendant CORDERO pulled behind LATASHA's car.

15. CORDERO got out of his police car and walked to LATASHA's car.

16. CORDERO asked LATASHA for her license and registration.

17. LATASHA asked CORDERO what the problem was.

18. CORDERO responded, "I didn't like the way you looked at me."

19. LATASHA gave CORDERO her license and registration.

20. LATASHA was seized and not free to leave.

21. LATASHA had not violated any city, state or federal law. CORDERO did not have any reason to believe that LATASHA had violated, or was about to violate, any city, state or federal law. CORDERO did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize LATASHA.

22. Upon information and belief, CORDERO ran LATASHA's name.

23. After running LATASHA's name, CORDERO went back to LATASHA's car and asked LATASHA who had an order of protection against her.

24. LATASHA explained to CORDERO that she had an order of protection against her ex-husband.

25. CORDERO then went back to the police car a second time.

26. CORDERO returned to LATASHA's car and ordered her out.

27. LATASHA asked the officer what the problem was.

28. CORDERO did not respond.

29. LATASHA got out of her car.

30. CORDERO handcuffed LATASHA and told her there was a warrant for her arrest.

31. LATASHA told CORDERO that she did not have a warrant, and there must be a mistake or misunderstanding.

32. LATASHA was placed into the back of the police car.

33. LATASHA was under arrest for a warrant that did not apply to her.

34. The arrest warrant at issue called for the arrest of Tasha Allison.

35. LATASHA has never used the name Tasha Allison.

36. LATASHA was taken to the 1st District police station.

37. The arrest warrant was issued by the Alsip Police Department for the arrest of Tasha Allison on January 18, 2006.

38. LATASHA explained to CORDERO that she has never been arrested in Alsip, Illinois.

39. LATASHA also asked CORDERO to contact Alsip to prove that the arrest warrant did not apply to her.

40. CORDERO did nothing to investigate LATASHA's claims.

41. After spending the night at the station, LATASHA was transferred to the Cook County Jail and held there from October 28, 2007, until October 30, 2007.

42. LATASHA was unable to care for her 2-month-old baby while she was falsely imprisoned.

43. On December 17, 2007, a Judge at the Bridgeview Courthouse signed an order stating that LATASHA HANNAH is not the correct defendant in the case docketed in the Cook County Circuit Court as: People v. Tasha Allison, 06 MC5 7937.

44. Defendant-Officer CORDERO acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

45. As a direct and proximate result of the acts described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, mental anguish and humiliation.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

46. Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

47. CORDERO did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

48. The arrest of Plaintiff without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against CORDERO,

b)  Award compensatory and punitive damages, as determined at trial,

c)  Award attorneys' fees and costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (State Law Claim for False Arrest/False Imprisonment)

49. Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

50. CORDERO did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

51. Plaintiff was arrested and imprisoned by Defendant CORDERO on an arrest warrant that did not apply to her.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against CORDERO,

b)  Award compensatory and punitive damages, as determined at trial,

c)  Award costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for Willful and Wanton Conduct)

52. Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

53. CORDERO had a duty to Plaintiff to reasonably investigate Plaintiff claims of mistaken identity and to confirm that Plaintiff was the person described in the warrant.

54. CORDERO breached that duty.

55. CORDERO did nothing to investigate Plaintiff's claim that she did not have a warrant.

56. CORDERO did nothing to investigate Plaintiff's claim of mistaken identity.

57. CORDERO's breach exhibited a reckless disregard for Plaintiff's rights, including a failure to exercise reasonable investigation into Plaintiff's claims of mistaken identity.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against CORDERO,

b)  Award compensatory and punitive damages, as determined at trial,

c)  Award costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law *Respondeat Superior* Claim)

58. The acts of CORDERO described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

59. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

60. The acts of CORDERO described in the above claims were willful and wanton, and committed in the scope of employment.

61. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of CORDERO.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify CORDERO for any judgment entered in this case arising from his actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595