UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LATASHA HANNAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  08 C 648 |
| | ) | |
| CITY OF CHICAGO, | ) | JUDGE ST. EVE |
| Chicago Police Officer | ) | MAGISTRATE JUDGE NOLAN |
| MIGUEL CORDERO, Star 18568, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant Officer Miguel Cordero, by his attorney, Mary S. McDonald, Assistant Corporation Counsel, and the City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel, hereby submit the following answer to Plaintiff's complaint, affirmative defenses, 12(b)(6) defenses and jury demand as follows:

1. This is an action for money damages brought pursuant to 42 U.S.C. §1983 and the common law of the State of Illinois.

**ANSWER:** Defendants admit this action is brought pursuant to 42 U.S.C. §1983 and the common law of the State of Illinois, but deny any wrongful or illegal conduct.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).  Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** Defendants admit that jurisdiction is proper, but deny any wrongful or illegal conduct.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendants admit that venue is proper, but deny any wrongful or illegal conduct.

### Parties

4. Plaintiff LATASHA HANNAH is a resident of Chicago, Illinois.

**ANSWER:** Based upon information and belief, Defendants admit the allegation contained in Paragraph 4.

5. Defendant MIGUEL CORDERO is a duly appointed and sworn Chicago police officer. At all times relevant to this Complaint, Defendant CORDERO was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations contained in Paragraph 5, but deny any wrongful or illegal conduct.

6. Defendant CORDERO is sued in his individual capacity.

**ANSWER:** Defendants admit the allegations contained in Paragraph 6, but deny any wrongful or illegal conduct.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** Defendants admit the allegations contained in Paragraph 7, but deny any wrongful or illegal conduct.

### Facts

8. On or about October 27, 2007, Plaintiff LATASHA HANNAH was sitting in her car in front of A to Z Discount & Linen at 4737 South Ashland Avenue in Chicago.

**ANSWER:** Defendant Cordero admits Plaintiff was sitting in her car on South Ashland Avenue in Chicago, but denies the remaining allegations of this Paragraph 8. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

9. There were no vehicles behind LATASHA's car.

**ANSWER:** Defendant Cordero denies the allegations contained in Paragraph 9. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

10. LATASHA was not obstructing the flow of traffic.

**ANSWER:** Defendant Cordero denies the allegations contained in Paragraph 10. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

11. LATASHA was waiting for her daughter, Rakeesh, who was inside A to Z.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11.

12. Defendant CORDERO was on patrol in a police car. CORDERO stopped next to LATASHA's car and ordered LATASHA to move her car.

**ANSWER:** Defendant Cordero admits that he was on patrol in a police car on October 27, 2007. Defendant Cordero denies the remaining allegations contained in Paragraph 12. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

13. LATASHA complied and moved her car.

**ANSWER:** Defendant Cordero denies the allegations contained in Paragraph 13. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

14. Then Defendant CORDERO pulled behind LATASHA's car.

**ANSWER:** Defendant Cordero admits that he pulled behind LATASHA's car but denies the sequence of the events as described in Paragraph 14. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

15. CORDERO got out of his police car and walked to LATASHA's car.

**ANSWER:** Defendant Cordero admits the allegations contained in Paragraph 15 but denies the sequence of events as described in Paragraph 15. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

16. CORDERO asked LATASHA for her license and registration.

**ANSWER:** Defendant Cordero admits that he asked Latasha for her license and insurance information, but denies the remaining allegations contained in Paragraph 16. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

17. LATASHA asked CORDERO what the problem was.

**ANSWER:** Upon information and belief, Defendant Cordero admits the allegations contained in Paragraph 17. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

18.     CORDERO responded, " I didn't like the way you looked at me."

**ANSWER:**    Defendant Cordero denies the allegations contained in Paragraph 18. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

19.     LATASHA gave CORDERO her license and registration.

**ANSWER:**    Defendant Cordero denies that Latasha gave him her registration but admits she gave him her license. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

20.     LATASHA was seized and not free to leave.

**ANSWER:**    Defendant Cordero admits the allegations contained in Paragraph 20. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

21.     LATASHA had not violated any city, state or federal law.  CORDERO did not have any reason to believe that LATASHA had violated, or was about to violate, any city, state of federal law.  CORDERO did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize LATASHA.

**ANSWER:**    Defendant Cordero denies the allegations contained in Paragraph 21. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

22.     Upon information and belief, CORDERO ran LATASHA's name.

**ANSWER:**    Defendant Cordero admits the allegations contained in Paragraph 22. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

23.   After running LATASHA's name, CORDERO went back to LATASHA's car and asked LATASHA who had an order of protection against her.

**ANSWER:**   Defendant Cordero admits that he ran LATASHA's name, but upon information and belief denies asking Latasha about an order of protection. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

24.   LATASHA explained to CORDERO that she had an order of protection against her ex-husband.

**ANSWER:**   Upon information and belief Defendant Cordero denies the allegations contained in Paragraph 24. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

25.   CORDERO then went back to the police car a second time.

**ANSWER:**   Defendant Cordero denies the allegations contained in Paragraph 25. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

26.   CORDERO returned to LATASHA's car and ordered her out.

**ANSWER:**   Defendant Cordero admits the allegations contained in Paragraph 26 but denies the sequence of events as described in this Paragraph. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

27. LATASHA asked the officer what the problem was.

**ANSWER:** Defendant Cordero admits the allegations contained in Paragraph 27 but denies the sequence of events as described in this Paragraph. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

28. CORDERO did not respond.

**ANSWER:** Defendant Cordero denies the allegations contained in Paragraph 28. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

29. LATASHA got out of her car.

**ANSWER:** Defendant Cordero admits the allegations contained in Paragraph 29. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

30. CORDERO handcuffed LATASHA and told her there was a warrant for her arrest.

**ANSWER:** Defendant Cordero admits the allegations contained in Paragraph 30. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

31. LATASHA told CORDERO that she did not have a warrant, and there must be a mistake or misunderstanding.

**ANSWER:** Upon information and belief, Defendant Cordero admits the allegations contained in Paragraph 31. The City lacks sufficient information to form a belief as to the truth or

falsity of the allegations contained in this Paragraph.

32. LATASHA was placed into the back of the police car.

**ANSWER:** Defendant Cordero admits the allegations contained in Paragraph 32. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

33. LATASHA was under arrest for a warrant that did not apply to her.

**ANSWER:** Defendant Cordero denies the allegations contained in Paragraph 33. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

34. The arrest warrant at issue called for the arrest of Tasha Allison.

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in Paragraph 34. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

35. LATASHA has never used the name Tasha Allison.

**ANSWER:** Upon information and belief, Defendant Cordero denies the allegations contained in Paragraph 35. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

36. LATASHA was taken to the 1st District police station.

**ANSWER:** Defendant Cordero denies that Plaintiff was initially taken to the 1st District. Answering further, Defendant Cordero states that Plaintiff was taken to the 9th District for processing and was subsequently transferred to the 1st District. Defendant Cordero denies the remaining allegations contained in this Paragraph 36. The City lacks sufficient information to

form a belief as to the truth or falsity of the allegations contained in this Paragraph.

37. The arrest warrant was issued by the Alsip Police Department for the arrest of Tasha Allison on January 18, 2006.

**ANSWER:** Upon information and belief, Defendant Cordero admits the allegations of this Paragraph. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

38. LATASHA explained to CORDERO that she has never been arrested in Alsip, Illinois.

**ANSWER:** Upon information and belief, Defendant Cordero denies the allegations contained in Paragraph 38. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

39. LATASHA also asked CORDERO to contact Alsip to prove that the arrest warrant did not apply to her.

**ANSWER:** Defendant Cordero denies the allegations contained in Paragraph 39. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

40. CORDERO did nothing to investigate LATASHA's claims.

**ANSWER:** Defendant Cordero denies the allegations contained in Paragraph 40. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

41. After spending the night at the station, LATASHA was transferred to the Cook County Jail and held there from October 28, 2007 until October 30, 2007.

**ANSWER:** Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 41.

42. LATASHA was unable to care for her 2-month-old baby while she was falsely imprisoned.

**ANSWER:** Defendants Cordero denies that Plaintiff was falsely imprisoned and lacks sufficient information or knowledge regarding the remaining allegations contained in Paragraph 42. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

43. On December 17, 2007, a Judge at the Bridgeview Courthouse signed an order stating that LATASHA HANNAH is not the correct defendant in the case docketed in the Cook County Circuit Court as People v. Tasha Allison, 06 MC5 7937.

**ANSWER:** Upon information and belief, Defendants admit the allegations of this Paragraph 43.

44. Defendant-Officer CORDERO acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** Defendants deny the allegations contained in Paragraph 44.

45. As a direct and proximate result of the acts described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, mental anguish and humiliation.

**ANSWER:** Defendants deny the allegations contained in Paragraph 45.

### COUNT I
### (42 U.S.C. § 1983 - False Arrest/Imprisonment)

46. Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

**ANSWER:** Defendants reasserts their answers to paragraphs 1 through 45 as their answers to Paragraph 46, as if fully set forth herein.

47. CORDERO did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

**ANSWER:** Defendant Cordero denies the allegations contained in Paragraph 47. The

City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

48.     The arrest of Plaintiff without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 48.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to Count I of Plaintiff's complaint, award Defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT II
### (State Law Claim for False Arrest/False Imprisonment)

49.     Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

**ANSWER:**   Defendants reassert their answers to Paragraphs 1 through 45 as their answers to Paragraph 49, as if fully set forth herein.

50.     CORDERO did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

**ANSWER:** Defendant Cordero denies the allegations contained in Paragraph 50. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

51.     Plaintiff was arrested and imprisoned by Defendant CORDERO on an arrest warrant that did not apply to her.

**ANSWER:** Defendant Cordero admits that Plaintiff was arrested but denies the remaining allegations contained in Paragraph 51.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their

favor as to Count II of Plaintiff's complaint, award Defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT III
### (State law Claim for Willful and Wanton Conduct)

52. Plaintiff realleges paragraphs 1 through 45 as if fully set forth herein.

**ANSWER:** Defendant Officer reasserts his answers to Paragraphs 1 through 45 as their answers to Paragraph 52, as if fully set forth herein.

53. CORDERO had a duty to Plaintiff to reasonably investigate Plaintiff claims of mistaken identity and to confirm that plaintiff was the person described in the warrant.

**ANSWER:** Defendants deny the allegations contained in Paragraph 53.

54. CORDERO breached that duty.

**ANSWER:** Defendants deny the allegations contained in Paragraph 54.

55. CORDERO did nothing to investigate Plaintiff's claim that she did not have a warrant.

**ANSWER:** Defendant Cordero denies the allegations contained in Paragraph 55. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

56. CORDERO did nothing to investigate Plaintiff's claim of mistaken identity.

**ANSWER:** Defendant Cordero denies the allegations contained in Paragraph 56. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

57. CORDERO's breach exhibited a reckless disregard for Plaintiff's rights, including a failure to exercise reasonable investigation into Plaintiff's claims of mistaken identity.

**ANSWER:** Defendants deny the allegations contained in Paragraph 57.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to Count III of Plaintiff's complaint, award Defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### COUNT IV
### (State Law *Respondeat Superior* Claim)

58. The acts of CORDERO described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendants deny the allegations contained in Paragraph 58.

59. Pursuant to *respondeat superior,* Defendant CITY OF CHICAGO is liable for its agents' actions.

**ANSWER:** Defendants admits that the City of Chicago could be potentially held liable for Defendant Cordero's action under *Respondeat Superior* but deny that Defendant Cordero engaged any wrongful or illegal conduct. The City denies that it is liable for any judgment.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to Count IV of Plaintiff's complaint, award Defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

60. The acts of CORDERO described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendants deny the allegations contained in Paragraph 60.

61. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of CORDERO.

**ANSWER:**   Defendants admit under the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago could be held liable for potential compensatory damages in this case but deny any wrongful or illegal conduct on the part of Defendant Cordero. The City denies that it is liable for any judgment.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to Count V of Plaintiff's complaint, award Defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant Cordero is entitled to qualified immunity. Defendant CORDERO is a government official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendant Officer could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officer possessed. Therefore, Defendant Officer is entitled to qualified immunity as a matter of law.

2. To the extent Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate her claimed injuries or damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

3. To the extent Plaintiff has alleged any state law claims, Defendant Officer is not liable for injuries arising out of his exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4. To the extent Plaintiff has alleged any state law claims, Plaintiff cannot establish willful or wanton conduct on the part of Defendant Officer and therefore he is immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

5. To the extent Plaintiff has alleged any state law claims, Defendant Officer is not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

6. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

7. Plaintiff has not stated a claim under Illinois law in Count III, therefore this Count should be dismissed. There is no cause of action for "willful and wanton conduct." Sparks v. Starks, 367 Ill.App.3d 834, 838, 856 NE.2d 575, 578 (1st Dist. 2006).

8. The City is not liable to Plaintiff if its employees or agents are not liable to the Plaintiff. 745 ILCS 10/2-109.

9. The City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

**JURY DEMAND**

Defendant Officer Cordero hereby demands a jury trial.

                Respectfully submitted,

                *Mary S. McDonald*
                MARY McDONALD
                Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-8307
(312) 744-6566 (FAX)
ATTY. NO.: 06199995